Opinion filed July 15,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00241-CR 

                                                    __________

 

                           DAVID
RANDALL WHITE, II, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 385th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR33373

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted David Randall White, II of aggravated assault causing serious
bodily injury and assessed his punishment at confinement for a term of twenty
years in the Institutional Division of the Texas Department of Criminal
Justice.  The jury additionally imposed a fine of $2,000.  Appellant challenges
his conviction in three issues.  We affirm.

Background Facts

The
circumstances giving rise to this appeal began in the parking lot of a Midland
bar known as “The Ranch” at closing time of “Dollar Beer Night.”  The alleged
victims, Johnny Quilimaco and Amador Marez, attempted to leave the bar’s
parking lot at 2:00 a.m. on March 21, 2007, in Quilimaco’s new pickup.  They
encountered a white vehicle parked in their exit path with two men talking to
the occupants of the white vehicle.  After Quilimaco honked at the vehicle a
couple of times, the two men talking to the occupants of the white vehicle
approached Quilimaco’s pickup.  These two men were appellant and his friend,
Clinton Dow Willingham.   A verbal confrontation between Quilimaco, appellant,
and Willingham ensued.  The verbal confrontation escalated to a physical altercation
when Quilimaco exited his pickup.  Willingham punched Quilimaco in the eye with
his fist causing Quilimaco to fall to the ground.

Quilimaco
and Marez reported the altercation to an off-duty Midland police officer that
was working as security at the bar.  The officer told Quilimaco and Marez to go
home because appellant and Willingham had left the parking lot by this time. 
Unfortunately, Quilimaco and Marez did not heed the officer’s instruction. 
Quilimaco and Marez subsequently observed appellant and Willingham at a nearby
Town & Country convenience store.  Quilimaco and Marez returned to the bar
parking lot to inform Larry Woodruff, another off-duty Midland police officer
that was working as security at the bar, of the location of the men that had
assaulted Quilimaco.

Woodruff
subsequently pulled over a blue Chevrolet Caprice occupied by appellant and
Willingham.  Quilimaco and Marez followed Woodruff and stopped behind him at
the location where Woodruff had pulled over appellant and Willingham.  Woodruff
obtained appellant’s and Willingham’s identification information and then
permitted them to leave.[1] 
Woodruff then provided Quilimaco and Marez with Willingham’s and appellant’s
identifying information.

Quilimaco
and Marez continued to follow the Caprice containing appellant and Willingham
after Woodruff left.  The participants subsequently began colliding their
vehicles into each other as they drove through a residential area.  The Caprice
driven by Willingham ultimately ran into a white work pickup parked on a
residential street, and the pickup driven by Quilimaco struck a car parked in a
driveway.

A
second physical altercation ensued between the participants at this time.  The
participants’ accounts of this subsequent altercation differ greatly.  Marez
testified that appellant stabbed him from behind as soon as he exited Quilimaco’s
pickup and that appellant chased him with a knife afterwards.  Quilimaco
testified that appellant stabbed him while he was fighting with Willingham. 
White testified that he stabbed Marez and Quilimaco in self-defense after they
ran toward him while he was trapped in the Caprice.  Willingham testified that
he fell on the ground when dodging a “kung fu kick” from Marez.  Willingham
further testified that he took Quilimaco to the ground with a leg sweep when he
observed Quilimaco standing over him while he was on the ground.   Willingham
then climbed on top of Quilimaco and began punching him in the face.  A
neighbor that witnessed a portion of the physical altercation testified that
she observed appellant kick Quilimaco in the head three times while he was
lying in the street.

Quilimaco
and Marez suffered life-threatening injuries as a result of the physical
altercation.  Quilimaco suffered a stab wound to the chest that perforated his
lung.  He also suffered a significant laceration to the head, a subdural
hemorrhage of the brain, and a fractured eye socket.  Marez suffered a stab
wound to the left flank that resulted in the perforation of his peritoneal
cavity and spleen.

The
jury convicted appellant of committing aggravated assault causing serious
bodily injury to Quilimaco.  The jury additionally determined that appellant
used a deadly weapon in the form of a knife and his foot when assaulting
Quilimaco.  The jury acquitted appellant of committing aggravated assault
causing serious bodily injury to Marez.[2]

Legal Sufficiency of the Evidence Regarding Self-Defense

In
his first issue, appellant challenges the legal sufficiency of the evidence to
support his conviction.  In this regard, he contends that there is legally
insufficient evidence to disprove his claim of self-defense beyond a reasonable
doubt. To determine if the evidence is legally sufficient, we must review all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt.
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Hooper v. State,
214 S.W.3d 9, 13 (Tex. Crim. App. 2007); Jackson v. State, 17 S.W.3d
664, 667 (Tex. Crim. App. 2000).  The jury, as the finder of fact, is the sole
judge of the weight and credibility of the witnesses’ testimony.  Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007), art. 38.04 (Vernon 1979); Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).  The factfinder may choose to believe or disbelieve
all or any part of any witness’s testimony.  Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986).

When self-defense is an issue and the legal sufficiency of the evidence is challenged,
we must review all of the evidence in the light most favorable to the verdict
and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt and also could have found
against appellant on the defense issue beyond a reasonable doubt.  Saxton v.
State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991); see Tex. Penal Code Ann. § 2.03 (Vernon
2003); Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). With
respect to a defense, the defendant bears the burden of producing some evidence
that supports the particular defense. The State then bears the burden of
persuasion, rather than production, to disprove that defense.  This standard
requires only that the State prove its case beyond a reasonable doubt.  Zuliani,
97 S.W.3d at 594; Saxton, 804 S.W.2d at 913-14.

The applicable provisions of the Texas Penal Code state that a person is justified in
using deadly force when and to the degree he reasonably believes the deadly
force is immediately necessary to protect himself against another’s use or
attempted use of unlawful deadly force and a reasonable person in the actor’s situation
would not have retreated. Tex. Penal
Code Ann. §§ 9.31(a), 9.32(a) (Vernon Supp. 2009).  Appellant argues
that he feared for his life based upon an observation that he allegedly made in
the bar parking lot.  He contends that, immediately after the initial physical
altercation between Willingham and Quilimaco, he observed Marez remove a bag
from the trunk of a car.  He further testified that Marez threatened Willingham
and him with the bag by stating:  “I’ve got something for your ass; I’ve got
something for your ass.  Y’all want something now?  Y’all want something now?” 
Appellant also contends that he feared for his life when Quilimaco struck the
Caprice with his pickup and when Quilimaco and Marez aggressively ran toward him
and Willingham after the final collision.

Although appellant testified that he feared that Quilimaco and Marez would kill him,
an accused’s testimony alone will not conclusively prove self-defense as a
matter of law. See Denman v. State, 193 S.W.3d 129, 133 (Tex. App.—Houston
[1st Dist.] 2006, pet. ref’d).  It is the factfinder’s role to evaluate the
defense evidence and accept or reject it. See Saxton, 804 S.W.2d at 914.
 By finding appellant guilty, the jury implicitly rejected appellant’s
self-defense theory and necessarily chose not to believe appellant’s testimony.
 See id.

Viewing all of the evidence in the light most favorable to the verdict, we conclude
that it is legally sufficient. Quilimaco and Marez testified that appellant and
Willingham were the aggressors at the scene of the wreck.  With regard to
appellant’s testimony about the threatening gestures and comments allegedly
made by Marez in the bar parking lot, Willingham did not testify that he
observed these actions by Marez.  Furthermore, the neighbor that observed a
portion of the final altercation testified that she observed appellant kicking
Quilimaco in the head three times while he was lying in the street.   It is
significant that the jury made an affirmative finding that appellant’s foot
constituted a deadly weapon during the commission of the aggravated assault
causing serious bodily injury to Quilimaco.  Appellant’s first issue is
overruled.

Evidence
of an Extraneous Offense

            Appellant
contends in his second and third issues that the trial court erred in admitting,
during the guilt/innocence phase of the trial, evidence of an assault that he
committed against his common-law wife.  During its rebuttal case, the State
offered the testimony of Rijeana Julian under the authority of Halliburton
v. State, 528 S.W.2d 216, 218 (Tex. Crim. App. 1975), to rebut appellant’s
claim of self-defense by showing that he was an aggressor during a previous
confrontation.  Appellant objected to her testimony under Tex. R. Evid. 403 and 404(b).  The
trial court overruled appellant’s objections and allowed the State to offer the
challenged evidence.  Julian testified that appellant choked her and tried to
hit her head on a table during an argument.

We
review the trial court’s ruling on the admissibility of evidence under an abuse
of discretion standard. Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App.
2001); Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App. 1991).  This
standard requires an appellate court to uphold a trial court’s admissibility
decision when that decision is within the zone of reasonable disagreement.  Powell,
63 S.W.3d at 438.

Evidence of other crimes, wrongs, or acts is admissible under certain conditions. Tex. R. Evid. 404(b). Although not
admissible to prove that a person acted in conformity with his character,
extraneous offenses may be admissible for other purposes, such as to show
motive, opportunity, and absence of mistake or accident. Id.; Montgomery,
810 S.W.2d at 387. The burden is on the proponent of the evidence to satisfy
the trial court that the “other crime, wrong, or act” has relevance apart from
its tendency to prove the character of a person in order to show that he acted
in conformity therewith. Montgomery, 810 S.W.2d at 387. For purposes of Rule 404(b),
the question is whether the extraneous offense is relevant.  See Santellan
v. State, 939 S.W.2d 155, 168-69 (Tex. Crim. App. 1997).

When the accused raises a defensive theory, such as self-defense, the State may
introduce evidence of prior violent acts by the accused in order to show his
intent.  See Halliburton, 528 S.W.2d at 218; see also Martin v. State,
173 S.W.3d 463, 468 (Tex. Crim. App. 2005) (evidence of extraneous offense
admissible to rebut defense of consent).  In this case, appellant argued
extensively that the victim was the aggressor and that appellant was merely
defending himself. The prior violent act presented by the State was, therefore,
admissible to show appellant’s intent and to rebut his theory of self-defense.

Appellant
argues that the trial court abused its discretion by determining that the
evidence was admissible under Rule 404(b) because of the differences between
his altercation with strangers and an argument with his wife.  Unlike when
evidence is offered under Rule 404(b) to prove identity or a signature crime,
the degree of similarity required to rebut a defensive issue is not great, and
the extraneous offense need not be identical to the charged offense. See
Blackwell v. State, 193 S.W.3d 1, 13 (Tex. App.—Houston [1st Dist.]
2006, no pet.); see also Dennis v. State, 178 S.W.3d 172, 178-79 (Tex. App.—Houston
[1st Dist.] 2005, pet. ref’d).  In light of appellant’s claim of self-defense,
the trial court’s decision to allow the extraneous offense evidence to rebut
his defensive theory is subject to reasonable disagreement.  See Bass v.
State, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008).  Accordingly, we hold
that the trial court did not abuse its discretion in allowing the evidence
pursuant to Rule 404(b).

Evidence
that is admissible under Rule 404(b) may still be excluded, upon proper
objection under Rule 403, if the trial court determines that the probative
value of the evidence is substantially outweighed by the danger of unfair
prejudice, confusion of issues, misleading the jury, or considerations of undue
delay or needless presentation of cumulative evidence.  See Rodriguez v.
State, 203 S.W.3d 837, 843 (Tex. Crim. App. 2006).  Evidence that appellant
choked his wife is the kind of evidence that has the potential to impress a
jury “in some irrational but nevertheless indelible way.”  See Montgomery,
810 S.W.2d at 390.  However, a significant amount of time was not required to
develop this evidence.  The challenged testimony consists of approximately ten
pages out of the approximately 650 pages of reporter’s record from the
guilt/innocence phase of the trial.  The State was also permitted under Halliburton
to offer this evidence to rebut appellant’s claim of self-defense.  We conclude
that the trial court did not abuse its discretion in admitting this evidence
because there is evidence to support the trial court’s ruling.  Appellant’s
second and third issues are overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

July 15, 2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Woodruff did not arrest Willingham for misdemeanor
assault because he did not observe the altercation.  See Tex. Code Crim. Proc. Ann. art. 14.01
(Vernon 2005).





[2]The jury found Willingham guilty of committing
aggravated assault causing serious bodily injury to Quilimaco.  The jury also
acquitted him of committing aggravated assault causing serious bodily injury to
Marez.